**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JAN 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES E. YEAGER, AKA Chuck, | No. 11-17910 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02055-JAM-EFB |
| v. | |
| AVIAT AIRCRAFT, INC.; STUART HORN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted January 21, 2014[**]

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Retired General Charles E. Yeager appeals pro se from the district court's

summary judgment in his diversity action alleging that defendants violated his

common law right to privacy and other state and federal laws by using his image

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and a statement concerning him on Aviat Aircraft, Inc.'s website. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003), and we affirm.

The district court properly granted summary judgment because Yeager's claims, which arose in 2001 and 2003, were time-barred. *See* Cal. Bus. & Prof. Code § 17208 (four-year statute of limitations for unfair business practices claim); Cal. Civ. Proc. Code § 338(a), (d) (three-year state of limitations for actions upon a liability created by statute or for relief based on fraud or mistake); *Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012) (two-year statute of limitations for common law right to privacy and statutory right to publicity under Cal. Civ. Code § 3344 claims); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 720 n.17 (9th Cir. 2004) (statute of limitations for Lanham Act false endorsement claims brought under 15 U.S.C. § 1225(a) is borrowed from the most analogous state law). Because Yeager's claims are time-barred, we do not consider his arguments concerning the merits of his claims.

Contrary to Yeager's contention, the image and statement at issue were not republished on Aviat's website. *See Yeager*, 693 F.3d at 1082 ("[U]nder California law, a statement on a website is not republished unless the statement itself is substantively altered or added to, or the website is directed to a new audience.").

We do not consider arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**